ADAM PAUL LAXALT
  Attorney General
GERRI LYNN HARDCASTLE, Bar No. 13142
  Deputy Attorney General
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, NV  89701-4717
Tel: 775-684-1134
Email: ghardcastle@ag.nv.gov

*Attorney for Defendants
Renee Baker, Curtis Kerner, &
Michael Koehn*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSE AGUILAR,<br><br>                         Plaintiff,<br><br>v.<br><br>MICHAEL B. KOEHN, et al.,<br><br>                         Defendant. | Case No.  3:16-cv-00529-MMD-CBC<br><br>**DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**<br>**(First Request)** |

Defendants, Renee Baker, Curtis Kerner, and Michael Koehn, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Gerri Lynn Hardcastle, Deputy Attorney General, hereby move this Honorable Court for an enlargement of time to reply to Plaintiff's Opposition to their Motion to Strike at ECF No. 57. This motion is based on the following memorandum of points and authorities and all pleadings and papers on file herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

This case is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 7 at 1. Plaintiff, Jose Aguilar (Plaintiff), is an inmate in the custody of the Nevada Department of Corrections (NDOC). *Id.* He is currently housed at Ely State Prison (ESP), and the constitutional violations Plaintiff alleges occurred at ESP as well. *Id.* at 1. He alleges that Defendants, Renee Baker, Curtis Kerner, and Michael Koehn (collectively, Defendants), were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. *Id.* at 7.

Pursuant to the orders of this Court on Defendants' motions for enlargement of time (*see* ECF Nos. 35, 38, 40), Defendants filed their motion for summary judgment (MSJ) on August 16, 2018 (*see* ECF No. 42). On September 14, 2018, this Court ordered, *inter alia*, that Plaintiff was allowed up to and including September 28, 2018, to file an opposition to Defendants' MSJ and a cross-motion for summary judgment. ECF No. 52.

Plaintiff failed to file an opposition to Defendants' MSJ or a cross-motion for summary judgment by September 28, 2018. Instead, Plaintiff filed his opposition and cross-motion on October 1, 2018, after the deadline to do so had expired without moving this Court for an enlargement of time to file and without demonstrating excusable neglect. ECF Nos. 53, 54. Accordingly, Defendants moved this Court to strike Plaintiff's untimely filing. ECF No. 56. Plaintiff filed his opposition to the motion on October 26, 2018. ECF No. 57. Defendants' reply is due today, November 2, 2018.

Defendants' counsel was out of town from October 26, 2018 until this morning at 1:00 a.m. on annual leave. Counsel was unaware, prior to leaving the jurisdiction, that Plaintiff had opposed the motion; therefore, counsel was unable to complete her clients' reply before taking annual leave in order to avoid the necessity of a motion for enlargement of time. Due to their counsel's absence from the jurisdiction, Defendants respectfully request that this Honorable Court allow them until Monday, November 8, 2018, to file their reply.

## II. DISCUSSION

### A. Fed. R. Civ. P. 6(b)(1) allows this Court to extend deadlines.

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented

before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D.Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

**B. Good cause exists to enlarge the time for Defendants to file their reply to Plaintiff's opposition.**

This motion presents this Court with the question of whether good cause exists for Defendants to file their reply to Plaintiff's opposition. Defendants assert that their counsel's absence from the jurisdiction from October 26, 2018 to today at 1:00 a.m. for annual leave constitutes good cause. As previously stated, counsel was unaware that Plaintiff filed his opposition on October 26, 2018 when she left to take annual leave, and Defendants' reply is due this same day that she returned. Moreover, Defendants are solely requesting one additional judicial day to file their reply. Such a miniscule delay should not unfairly prejudice Plaintiff and will not have any meaningful impact on these proceedings.

**III. CONCLUSION**

Defendants assert that they have shown good cause for an enlargement of time based on their counsel's absence from the jurisdiction from October 26, 2018 until this morning. Therefore, Defendants respectfully request that this Honorable Court grant their Motion for Enlargement of Time.

DATED this 2nd day of November, 2018.

ADAM PAUL LAXALT
Attorney General

By: _____
GERRI LYNN HARDCASTLE
Deputy Attorney General
Bureau of Litigation
Public Safety Division

*Attorneys for Defendant*

IT IS SO ORDERED
_____
U.S. MAGISTRATE JUDGE
DATED: 11/5/2018

3

1 | **CERTIFICATE OF SERVICE**

2 | I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 2nd day of November, 2018, I caused to be deposited for mailing, a true and correct copy of the foregoing, **DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**, on the following:

JOSE AGUILAR, #80140
ELY STATE PRISON
P.O. BOX 1989
ELY, NV 89301

_____
An employee of the
Office of the Attorney General