UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| JOSE AGUILAR, <br><br> Plaintiff, <br> v. <br><br> MICHAEL KOEHN, *et al.*, <br><br> Defendants. | Case No. 3:16-cv-00529-MMD-CBC <br><br> ORDER |

Pursuant to Fed. R. Civ. P. 60(b), Defendants have moved for reconsideration of the Court's order ("Order") regarding Magistrate Judge Carla B. Carry's Amended Report and Recommendation ("R&R") ("Motion"). (ECF Nos. 67, 71, 76.) Per its Order, the Court accepted and adopted the R&R as to all claims except an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs that Plaintiff asserted against Defendant Kerner. (*See* ECF No. 71.) Pertinently, the Court found that Defendants waived the defense that Plaintiff failed to exhaust the claim against Kerner and that material genuine disputes precluded summary judgment for the same claim. (*Id.*) In the Motion, Defendants contend that the Court erred in: (1) issuing the Order without affording Defendants' the opportunity to respond to Plaintiff's objection to the R&R (ECF No. 69)[1]; (2) ruling that Defendants waived the failure to exhaust defense as to the claim against Kerner; and (3) finding that there is a genuine issue of material fact on the merits of the

///

///

///

---

[1] The Court incorrectly treated Defendants' response (ECF No. 70) to Plaintiff's motion of important facts (ECF No. 68) as a response to Plaintiff's objection (ECF No. 69). Nevertheless, in addressing Plaintiff's objection to the R&R, the Court did have the benefit of the parties' briefs in connection with their underlying motions for summary judgment. (ECF Nos. 42, 53, 54 (identical to ECF No. 53), 62, 64.)

claim against Kerner. (*See* ECF No. 76.) For the reasons below, the Court will grant Defendants' Motion in part and deny it in part.[2]

In relevant part, Rule 60(b) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . the judgment is void . . . or . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4) and (6). Motions for reconsideration should be "used sparingly in the interests of finality and conservation of judicial resources." *Peterson v. Miranda*, 57 F. Supp. 3d 1271, 1275 (D. Nev. 2014) (internal quotations and citation omitted).

The Court will deny the Motion on the issue of exhaustion. Defendants provide no argument that belies the Court's legal conclusion on the issue. (*See* ECF No. 76 at 5–6.) The Court has already considered all arguments Defendants now present regarding exhaustion and maintains that it reached the right conclusion based on *Reyes v. Smith*, 810 F.3d 654, 657–58 (9th Cir. 2016).

On the other hand, the Court is persuaded that Plaintiff has failed to establish a genuine issue of material fact on his claim of deliberate indifference to serious medical needs against Kerner. To revisit the issue, the crux of Plaintiff's deliberate indifference claim is that Kerner delayed his transport to the hospital—for two hours—trying to get Plaintiff to admit to consuming narcotics that Kerner assumed had resulted in Plaintiff having seizures and seizure-like symptoms. (ECF No. 1-2 at 14–15.) Plaintiff particularly asserted that Kerner delayed his transport to shout expletives at Plaintiff and to threaten Plaintiff to confess even while Plaintiff was convulsing and in restraints. (*Id.*) Plaintiff provides that it was only after medical informed Kerner that Plaintiff was in grave condition that Kerner told them to take Plaintiff to the hospital. (*Id.* at 15.) As noted in the Order, Plaintiff consistently insisted, including in his relevant second-level grievance, that

///

---

[2] In addition to the Motion, the Court has reviewed the underlying documents and briefing as well as Defendants' errata to their Motion (ECF Nos. 77, 77-1), Plaintiff's response to the Motion (ECF No. 78) and Defendants' reply (ECF No. 80).

Kerner's actions were caught on video recording, although Defendants deny the video having ever existed. (ECF No. 71 at 12; ECF No. 42-9 at 14; *see also* ECF No. 1-2 (Complaint) at 16.)

In the Motion, Defendants rely heavily on undermining the two-hour timeframe, arguing that their records establish that only an hour and seventeen minutes lapsed between when the officers became aware of Plaintiff's condition and when Plaintiff was loaded in an ambulance. (ECF No. 76 at 7–8.) Defendants argue that several things happened during that time: including medical being notified and arriving at Plaintiff's cell to examine him, Plaintiff was extracted from his cell and transported to the infirmary where medical again examined him and then called an ambulance. (*Id.*) Defendants also rightfully point out that the Court was wrong to have concluded that accepting the dispute regarding the video, Defendants were obligated to disclose any video evidence—that should have been retained—under Fed. R. Civ. P. 26(a)(1) (ECF No. 71 at 12 n.4; ECF No. 76 at 7 n.1). *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) (excepting initial disclosures in actions brought by pro se prisoners). Defendants also highlight that Plaintiff did not otherwise timely request or subpoena the disputed video evidence. (*See, e.g.*, ECF No. 80 at 5.)

While the Court concludes the timeframe difference alone does not undermine Plaintiff's claim against Kerner, the Court finds that the undisputed provision of medical assistance forecloses the claim. Here, even drawing all inferences to support Plaintiff's claim of a delayed transport to the hospital, that Plaintiff continued to receive medical treatment precludes a claim of deliberate indifference to serious medical needs—or at minimum falls short of the threshold to support such a claim. *See, e.g., Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) ("While poor medical treatment will at a certain point rise to the level of constitutional violation, mere malpractice, or even gross negligence, does not suffice.") There is also no allegation that medical was *obligated to wait for Kerner* to finish berating Plaintiff or to direct medical to call an ambulance before one was called. Thus, the fact of Plaintiff being delayed for transport to the hospital—with all inferences drawn in Plaintiff's favor—seems discrete from Kerner's alleged conduct.

The Court therefore concludes that Plaintiff cannot survive summary judgment on his claim of deliberate indifference to serious medical needs against Kerner.

It is therefore ordered that the Court's Order (ECF No. 71) is vacated in part. It is vacated to the extent the Court found that the merits of Plaintiff's deliberate indifference claim against Kerner survives summary judgment.

It is further ordered that Defendants' motion for reconsideration (ECF No. 76) is granted in part and denied in part. It is granted regarding the merits of the remaining claim against Kerner as noted above. It is denied to the extent Defendants seek reconsideration on the issue of exhaustion.

It is further ordered that Defendants' motion for summary judgment (ECF No. 42) is additionally granted on the claim of deliberate indifference to serious medical needs against Kerner.

It is further ordered that Defendants' motions for enlargement of time (ECF Nos. 75, 79) are granted *nunc pro tunc*.

It is further ordered that the minute order referring this case to settlement (ECF No. 72) is vacated.

The Clerk of Court is directed to enter judgment in favor of Defendants accordingly and close this case.

DATED THIS 15th day of May 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE